# EXHIBIT A

**DISTRICT COURT OF MARYLAND FOR**
**MONTGOMERY COUNTY**
191 East Jefferson Street
Rockville, Maryland 20850

Case Number: D-06-CV-23-019842

VON SUPER VS. EXPERIAN ET AL.

# WRIT OF SUMMONS

Serve on:
Experian
475 Anton Blvd
COSTA MESA, CA 92626

| | |
|---|---|
| Date Filed: | 10/05/2023 |
| Issue Date: | 10/26/2023 |
| Trial Date: | 2/26/2024 |
| Trial Time: | 9:00 AM |
| Trial Room: | AFDV |

You are summoned to appear for trial at the date, time, and location shown above. **If you intend to be present at the trial, you must file the attached Notice of Intention to Defend within ☐ 15 days ☒ 60 days of receiving this complaint**. Failure to file the Notice of Intention to Defend may result in a judgment against you.

**MUST BE SERVED BY:**  12/25/2023

Date

Kathy Hefner

Administrative Clerk

## NOTICE OF INTENTION TO DEFEND

Case Number: D-06-CV-23-019842

Trial Date: 2/26/2024

Defendant: Experian

NOTICE: **If you contest all or part of the claim**, complete this Notice of Intention to Defend and file it with the court listed at the top of this summons no later than ☐ 15 days ☒ 60 days after you receive this summons. You may request a remote hearing. For more information about remote hearings, visit mdcourts.gov/district/remotehearings or contact the court (mdcourts.gov/district/directories/courtmap). If you do not attend the hearing, a judgment could be entered against you.
**ATTENTION CORPORATIONS & LLCs:** this notice must be filed by an attorney, and you must be represented at trial by an attorney. EXCEPTION: where the amount claimed doesn't exceed $5,000.00, corporations may be represented by an officer; LLCs may be represented by a member. Both may be represented by a properly designated employee. See Maryland Annotated Code, Business Occupations and Professions, § 10-206(b)(4) for details.
**To request a foreign language interpreter or a reasonable accommodation under the ADA, please contact the court immediately. Possession and use of cell phones and other electronic devices may be limited or prohibited in designated areas of the court facility.**
**SEE NOTICE TO DEFENDANT ON COMPLAINT FORM FOR IMPORTANT INFORMATION**
I intend to be present at the trial of this claim and demand proof of the plaintiff's claim.
**Brief explanation of defense:** _____

_____

| | | |
|---|---|---|
| Date | Signature | Print Name |
| Address | City, State, Zip | Home/Work Telephone Number |
| E-mail | | Fax |

**DISTRICT COURT OF MARYLAND FOR**
**MONTGOMERY COUNTY**
Main: 301-563-8800

191 East Jefferson Street
Rockville, Maryland  20850

**Case Number: D-06-CV-23-019842**

**Von Super vs. Experian et al.**

Serve on:
Experian
475 Anton Blvd
COSTA MESA, CA 92626

| | |
|---|---|
| Date Filed: | 10/05/2023 |
| Issue Date: | 10/26/2023 |
| Trial Date: | 2/26/2024 |
| Trial Time: | 9:00 AM |
| Trial Room: | AFDV |

**MUST BE SERVED BY:** _____ 12/25/2023 _____

Date

Kathy Hefner

Administrative Clerk

## FOR PROCESS SERVER USE ONLY

To ☒ Certified Mail      ☐ Private Process Server

You are commanded to serve this Writ of Summons and to make your return promptly if served. If you are unable to serve, you are to make your return below and return the original process to the court no later than ten (10) days following the termination of the validity of the process.

I certify that:

☐ I served a summons by delivery of the complaint and all supporting papers to: _____

Name

on _____ _____ ☐ A.M. ☐ P.M. at _____

Date      Time                                                      Location

The person I left the papers with acknowledged being: (1) A resident of the above listed address; (2) 18 years of age or older; (3) of suitable discretion in that relationship to the defendant is _____ ;
and that (4) the above listed address is the defendant's residence or usual place of abode. The facts upon which I concluded that the individual served is of suitable age and discretion are: _____

_____

The cost of service is $ _____

Description of the defendant/person served: Race _____ Sex _____ Ht. _____ Wt. _____ Age _____

☐ I was unable to serve because _____

ATTEMPT: _____   ATTEMPT: _____   ATTEMPT: _____   ATTEMPT: _____

REFUND TO:

I solemnly affirm under the penalties of perjury that the contents of this document are true to the best of my knowledge, information, and belief and do further affirm I am a competent person over 18 years of age and not party to the case.

Print Name of Process Server

Address

**"Insert Barcode Here"**

City, State, Zip                          Telephone Number

Signature of Process Server          .          Date

**DISTRICT COURT OF MARYLAND FOR** Montgomery County

LOCATED AT (COURT ADDRESS)
191 E. Jefferson Street, Rockville, MD
20850

CASE NO.
CV D-06-Cv-23-919842

**COMPLAINT/APPLICATION AND AFFIDAVIT
IN SUPPORT OF JUDGMENT**
☒ $5,000 or under    ☐ over $5,000

Clerk: Please docket this case in an action of ☒ contract ☐ tort ☐ replevin
☐ detinue ☐ bad faith insurance claim ☐ consumer debt (original creditor)
The particulars of this case are:
~~face of Defendant~~ Please see attached
complaint

### PARTIES

Plaintiff – Name Address, Telephone Number 917-750 8788
Von ~~Super~~ Maurio Super
940 Thayer Ave #7055
Silver Spring, MD 20910

**VS.**

Defendant(s) – Name, Address, Telephone Number

1. Experian
475 Anton Blvd
Costa Mesa, CA 92626
Serve by: ☒ Certified Mail ☐ Private Process ☐ Constable ☐ Sheriff

2. Equifox, Inc
1550 Peachtree St
Atlanta, GA 30309
Serve by: ☒ Certified Mail ☐ Private Process ☐ Constable ☐ Sheriff

3. Trans Union LLC
555 W Adams St
Chicago, IL 60661
Serve by: ☒ Certified Mail ☐ Private Process ☐ Constable ☐ Sheriff

4.
**RECEIVED**
OCT 05 2023
DISTRICT COURT 06-01
ROCKVILLE, MD
Serve by: ☐ Certified Mail ☐ Private Process ☐ Constable ☐ Sheriff

For Plaintiff – Name, Address, Telephone Number & Code

(See Continuation Sheet)

☐ I am interested in trying to resolve this dispute through mediation/ADR.
(You will be contacted about ADR services after the defendant is served.)
The plaintiff claims:
Principal: $ 3000
Pre-judgment interest at the ☐ legal rate ☐ contractual rate, calculated at
_____ %, from _____ to _____
(_____ days x $_____ per day)
Total Principal + pre-judgment interest: $ _____
Post-judgment interest at the ☐ legal rate ☐ contractual rate until
_____ , legal rate thereafter ☐ waived
and attorney's fees of $ _____ plus court costs.
☐ Return of the property valued at $_____ and damages of
$_____ for its detention in an action of replevin.
☐ Return of the property, or its value, $_____ and damages
of $_____ for its detention in action of detinue.
☐ Other: _____
and demands judgment for relief.

Signature of Plaintiff/Attorney/Attorney Code        Attorney Number
Printed Name: Von M. Super
Address: 940 Thayer Ave #7035
Silver Spring, MD 20910
Telephone: 917-750 8788      Fax: _____
E-mail: vonsuper1@gmail.com

### MILITARY SERVICE AFFIDAVIT
☐ Verified through DOD at:
http://scra.dmdc.osd.mil/
☐ Defendant(s) _____ is/are in the military service.
☐ No defendant is in the military service. The facts supporting this statement are:
_____
Specific facts must be given for the court to conclude that each defendant who is a natural person is not in the military.
☐ I am unable to determine whether or not any defendant is in military service.
I hereby declare or affirm under the penalties of perjury that the facts and matters set forth in this Affidavit are true and correct to the best of my knowledge, information, and belief.

_____          _____
Date                                              Signature of Affiant

**APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT (See Plaintiff Notice on Back Page)**
The attached documents contain sufficient detail as to liability and damage to notify the defendant clearly of the claim against the defendant, including the amount of any interest claimed.
☐ Properly authenticated copy of any note, security agreement upon which claim is based ☐ Itemized statement of account ☐ Interest worksheet ☐ Vouchers ☐ Check ☒ Other written document ☐ _____ ☐ Verified itemized repair bill or estimate
I HEREBY CERTIFY: That I am the ☒ plaintiff ☐ _____ of the plaintiff herein and am competent to testify to the matters stated in this complaint, which are made on my personal knowledge; that there is justly due and owing by the defendant to the plaintiff the sum set forth in the complaint.
I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of this document are true.

10/05/2023       _____
Date                                              Signature of Affiant

DC-CV-001 (front) (Rev. 10/01/2023)                                          CMPET

## NOTICE TO DEFENDANT

### Before Trial

**This complaint contains the details of the plaintiff's claim against you** and the relief that the plaintiff (the person or company suing you) seeks. The plaintiff has the burden to provide evidence to prove their case at trial. If the plaintiff has completed the affidavit portion of the complaint form, the evidence should be attached to the complaint.

**You may hire your own attorney.** If you're not able to hire an attorney, you can get legal help from an attorney through a **Maryland Court Help Center.** Court locations are open Monday to Friday from 8:30 a.m. to 4:30 p.m. Help is available by phone at 410-260-1392 or by live chat Monday through Friday from 8:30 a.m. to 8:00 p.m. For Help Center locations, visit: mdcourts.gov/helpcenter.

Court staff, including clerks are not permitted to give you legal advice. If you have any questions, you should consult the Maryland Court Help Center or your own attorney.

**If you wish to contest (fight) the claim,** you must file the Notice of Intention to Defend (located at the bottom of your summons). The case will be set for trial. If you wish to have your witnesses appear at trial, you should contact the clerk's office at least two (2) weeks before the trial date to request subpoenas, and you should bring to court on the trial date all evidence you want the court to consider. **If you don't bring your evidence to the hearing, the judge can't consider it.**

**If you do nothing, a judgment could be entered against you that may result in a lien on your property, garnishment of your wages, and freezing your bank account.**

**You may request a remote hearing.** For more information about remote hearings, visit mdcourts.gov/district/remotehearings or contact the court (mdcourts.gov/district/directories/courtmap). If you do not attend the hearing, a judgment could be entered against you.

### If Judgment is Entered Against You (If You Lose)

**IF YOU DISAGREE WITH THE COURT'S RULING,** you may:

1. Ask the court for a new trial by filing a Motion for a New Trial within **ten (10) days** after the entry of judgment, stating your reasons clearly. If the court denies your motion, you may still file an appeal; if the court grants your motion, you must appear in the District Court for a new trial.

2. Ask the court to change the judgment by filing a Motion to Alter or Amend the Judgment within **ten (10) days** after the entry of judgment.

3. Ask the court to change or undo the judgment by filing a Motion to Revise or Vacate the Judgment within **30 days** after the entry of judgment.

4. **APPEAL** to the circuit court, by filing a Notice of Appeal in the District Court within **30 days** after the entry of judgment. You will have to pay a filing fee (see Guide to Appeal Fees - DCA-109A), unless the court determines that you are indigent. If the amount of the claim, not including court costs, interest, and attorney's fees, was $5,000 or less, you will have a new trial in the circuit court. If the amount of the claim was more than $5,000, you will also have to order and pay for a transcript of the District Court trial record by contacting the District Court clerk's office (see Transcripts & Recordings Brochure - DCA-027BR).

**IF YOU DECIDE NOT TO APPEAL AND NOT TO FILE ONE OF THE ABOVE MOTIONS,** you may contact the plaintiff or plaintiff's attorney to arrange to pay the amount owed. If you do not pay the amount owed, the plaintiff or plaintiff's attorney may initiate further proceedings to enforce the judgment, including:

1. **Judgment Debtor Information Sheet:** You may receive form CC-DC-CV-114 from the plaintiff requesting information about your income and debts. If you complete the form accurately and return it to the creditor as indicated, you will not have to answer interrogatories or appear for an oral examination for at least a year from the date of judgment. **NOTE:** A Judgment Debtor Information Sheet may not be used to enforce a money judgment resulting from a small claims action (amount sued for was $5,000 or less, exclusive of interest, costs, and attorney's fees).

2. **Interrogatories:** These are written questions. You must answer these written questions about your income and assets in writing under penalties of perjury. **NOTE:** Interrogatories may not be used to enforce a money judgment resulting from a small claims action (amount sued for was $5,000 or less, exclusive of interest, costs, and attorney's fees).

3. **Oral Examination:** You must appear in court to testify in response to questions about your assets and income. **NOTE:** An oral examination may not be used to enforce a money judgment resulting from a small claims action (amount sued for was $5,000 or less, exclusive of interest, costs, and attorney's fees).

4. **Writ of Execution:** This document requires the sale or seizure of any of your possessions. Some of your property or possessions may be protected from the writ. These exemptions are explained in detail on the reverse side of the Writ of Execution form DC-CV-040. The court could order you to pay additional expenses such as towing, moving, storage fees, advertising costs, and auctioneer's fees incurred in executing the writ.

5. **Garnishment of Property:** The court may issue a writ freezing your bank account or holding your assets until further court proceedings.

6. **Garnishment of Wages:** The court may issue a writ ordering your employer to withhold a portion of your wages to pay your debt. The law provides certain exemptions from garnishment.

**If you have any questions, you should consult an attorney. Court staff are not permitted to give you legal advice. More information can be found in court brochures located in the clerk's office or online at: mdcourts.gov/district/public_brochures or mdcourts.gov/legalhelp/moneyissues**

## NOTICE TO PLAINTIFF

### REQUESTING A JUDGMENT BY AFFIDAVIT OR DEFAULT:

Federal Law requires the filing of a military service affidavit. Information about the Servicemembers Civil Relief Act and the required affidavit can be found on the court's website at: mdcourts.gov/reference/scra.

### AFTER THE COURT ENTERS A JUDGMENT:

1. If the court enters a judgment for a sum certain, you have the right to file for a lien on real property.
2. If you disagree with the outcome of the case, you have the same post-trial rights as the defendant does:
   you may file an Appeal, a Motion for New Trial, a Motion to Alter or Amend the Judgment or a Motion to Revise or Vacate the Judgment. See above for further information concerning these rights.

**DC-CV-001** (back) (Rev. 10/01/2023)

CMPET

## UNITED STATES DISTRICT COURT

## DISTRICT COURT OF MARYLAND FOR

## MONTGOMERY COUNTY

VON MAURICE SUPER

      Plaintiff,

CASE NUMBER: D-06-CV-23-019842

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANSUNION
LLC; EQUIFAX INC.; EQUIFAX
INFORMATION SERVICES, LLC

**RECEIVED**

OCT 05 2023

      Defendants

DISTRICT COURT 06-01
ROCKVILLE, MD

_____/

## COMPLAINT FOR VIOLATIONS OF THE FCRA

## JURISDICTION

1.  This court has jurisdiction under 15 U.S.C §1681p and 28 U.S.C § 2331.

2. All conditions precedent to the bringing of this action have been performed.

## PARTIES

3. The plaintiff in this lawsuit is Von Maurice Super, a natural person, who resides in the Montgomery County, Maryland.

4. Defendant Experian Information Solutions, Inc, (Experian) along with its subsidiaries, affiliates and partners operates as a Consumer Reporting Agency regulated by the Fair Credit Reporting Act, (FCRA) 15 U.S.C § 1681 *et seq* and maintains corporate offices at 475 Anton Blvd., Costa Mesa, CA 92626.

5. Defendant Equifax, Inc (Equifax) along with its subsidiaries, affiliates and partners operates as a Consumer Reporting Agency (CRA) regulated by the Fair Credit Reporting Act, (FCRA) 15 U.S.C § 1681 *et seq* with Equifax Inc. corporate offices at 1550 Peachtree St., Atlanta, GA 30309

6. Equifax, Inc. is the parent of Equifax Information Services, LLC (EIS). And prior litigation it has taken the position. It is not itself a consumer reporting agency governed by the FCRA. See 15 U.S.C § 1681a(f) ("The term "consumer reporting agency" means any person who for monetary fees, dues, or on a cooperative nonprofit basis, regular engages in a whole or in pot, and the practice of assembling or a value in a consumer credit information or other information on consumers for the purpose of furnishing

RECEIVED

OCT 05 2023

DISTRICT COURT 06-01
ROCKVILLE, MD

Reports, the third parties, and who uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.")

7.  So, of course, Equifax Inc. is a consumer reporting agency for purposes of the FCRA. Equifax Inc. has held itself out repeatedly to consumer regulators, and the public generally as the actual operating entity. The branding labels and disclosure on the defendants' consumers website is dominated by "Equifax Inc.". Defendants have held Equifax Inc. out of the operating and responsible entity along with EIS, which they would readily acknowledge as being a consumer reporting agency.

8.  Equifax, Inc. and it subsidiaries such as Equifax information services LLC and Equifax Consumer Services LLC (ECS) operate as all the eagles of one another and freely transfer communications from consumers, as well as consumer information and data, based on consumer information and communications between the entities for commercial purposes, without restriction, and to treat them as separate entities will promote fraud and sanction injustice.

9.  Equifax, Inc. and it's subsidiaries, including EIS *operates* using the same "Equifax" logo with no differentiation between two entities, when interacting with consumers via mail or otherwise, by virtue or different subsidiaries and visions operating without any impediment of corporate structure using the same logo is Equifax and I'm sophisticated consumer would not know one Equifax entity from another.

RECEIVED

OCT 0 5 2023

DISTRICT COURT 06-01
ROCKVILLE, MD

10. Equifax Inc. has used EIS and ECS and other subsidiaries as dependent in integrated divisions rather than separate legal entities. The business operations I fully coordinated and share resources across supply without full and complete profit and cost centers. Management decisions at EIS and ECS, as well as other divisions are made by in through Equifax, Inc. And the entities loudly hold themselves out as a single uniform, business entity, exchanging and selling consumer information as well as data, derive from consumer information and communication, it holds in its consumer files. It's customer base is vast including state and federal government generating hundreds of millions if not billions of dollars in revenue annually.

11. The FCRA, through rule mandated at § 1681x expressly prohibits "a consumer reporting agency from circumventing or evading treatment as a consumer reporting agency", by means of cooperation, organization, or restructuring.

12. Equifax, Inc. and it's a subsidiaries - whether or not they observe state law cooperate formalities - have eliminated nearly all alarms between the different business entities in the collection, maintenance sharing and furnishing of consumer reporting information. Equifax, Inc. entity, such as EIS regularly share FCRA restrict information with sibling ECS to market and profit from the sale of identity theft products, including blurring the legal lines between providing file information under the FCRA versus private sale to the consumer. It does so with the number of Equifax related entities, such as TALX corporation eThority, Anakam, Inc. as well as Equifax Mortgage Services. RECEIVED

OCT 0 5 2023

DISTRICT COURT 06-01
ROCKVILLE, MD

13. To remain separate and distinct for purposes of liability in this action defendants,
Equifax, Inc. and Equifax information services LLC *must operate* as separate and legally,
as well as operationally distinct entities. Here for matters alleged and relevant herein, EIS
is merely an alter ego of Equifax Inc. For purposes of how consumer data was handled
warehoused, used and sold the corporate lines were disregarded in practice. EIS, ECS and
other subsidiaries of Equifax, Inc., and mere instrumentalities for the transaction of the
corporate consumer credit business. Equifax Inc. EIS, a ECS and other subsidiaries share
full unity of interest such as the separate personalities of the corporation and subsidiaries
no longer exists as they operate as one consumer reporting agency under the FCRA.

14. Defendant Trans Union LLC, (Transunion) along with its subsidiaries and affiliates
operates as a Consumer Reporting Agency regulated by the Fair Credit Reporting Act,
(FCRA) 15 U.S.C § 1681 *et seq* with corporate offices at 555 W. Adams Street Chicago,
IL 60661. Trans Union operates as a single FCRA governed consumer reporting agency.
Trans Union, LLC has structured itself in order to warehouse its sale of credit reporting
consumer reports in one entity and its sale of criminal history, employment, landlord-
tenant purposed, etc. consumer reports in other entities. However, it freely transfers data
between units and operates without any impediments of corporate structure. In almost
every material regard, the Trans Union units operate as if they are one and the same, a
single consumer reporting agency.

RECEIVED

OCT 0 5 2023

DISTRICT COURT 06-01
ROCKVILLE, MD

## VENUE

15. The occurrences which gave rise to this action occurred in Montgomery County, Maryland and the plaintiff resides in Montgomery County, Maryland.

16. Venue is proper in the County of Montgomery, Maryland.

## GENERAL ALLEGATIONS

17. Plaintiff wanted to obtain his **full consumer file disclosure** and all information recorded and maintained in Defendants files and or databases about his 15 U.S.C § 1681g(a)(1) states he is entitled to. Plaintiff looked at Defendants website annualcreditreport.com website which was set up by and is operated by the Defendants but could not find a place where he could request his **full consumer file disclosure**. Plaintiff was only able to request a "credit report" which is not what Plaintiff wanted. Plaintiff then made the decision to write each defendant and request his **full consumer file disclosure** directly from each Defendant.

18. Plaintiff made a written request sent by certified mail for a copy of his **full consumer file disclosure**, which was received by Experian on July 5, 2023. *See Exhibit 1 attached.*

19. In response to his very specific request for his **full consumer file disclosure**, plaintiff received a letter which was not responsive to his request. Plaintiff received a document from Experian titled "Your Credit Report Report # 2044-5505-95 for Jul 10, 2023"

RECEIVED

OCT 0 5 2023

DISTRICT COURT 06-01
ROCKVILLE, MD

Plaintiff specifically requested his **full consumer file disclosure.** Plaintiff did not request a copy of a "credit report". *See Exhibit 1 attached.*

20. Plaintiff made a written request sent by certified mail for a copy of his **full consumer file disclosure**, which was received by Equifax on July 1, 2023. *See Exhibit 1 attached.*

21. In response to his very specific request for his **full consumer file disclosure**, plaintiff received a letter dated July 4, 2023, which stated "We received your request for a copy of your Equifax credit report. However, we need additional information in order to verify your identity and address. To help us fulfill your request please send us a letter with your **full name, social security number, current address, and your date of birth".** *See Exhibit 4 attached.* Defendant, Equifax response was not nonresponsive to the plaintiffs request.

22. Plaintiff made a written request sent by certified mail for a copy of his **full consumer file disclosure,** which was received by Transunion on June 29, 2023. *See Exhibit 1 attached.*

23. In response to his very specific request for his **full consumer file disclosure**, plaintiff received a letter which was not responsive to his request. Defendant, Trans Union replied to Defendants request by sending a document dated July 3, 2023 stating "Enclosed is the TransUnion Personal Credit Report that you requested. As a trusted leader in the consumer information industry, TransUnion takes the accuracy of your credit information very seriously. We are committed to providing the complete and reliable credit information that you need to participate in everyday transactions and purchases." *See Exhibit 5 attached.*

24. Plaintiff, in making the exact same request of each Defendants, specified in great detail exactly what specific section of the Fair Credit Reporting Act (FCRA) requires each

RECEIVED

OCT 05 2023

DISTRICT COURT 06-01
ROCKVILLE MD

Defendant to provide a **full consumer file disclosure** at least once per year at no charge when a request is made by a consumer. *See Exhibit 1 attached.*

25. Plaintiffs request for **full consumer file disclosure** from each defendant was his first request for a **full consumer file disclosure** within 12 months and identification in the form of legible copies of his Social Security card and current state Maryland drivers license was attach to the request for identification and location purposes.

26. After receiving a response from each, defendant, that did not comply with the request made. Plaintiff made a second and final request for a **full consumer file disclosure** pursuant to the FCRA of each defendant. *See Exhibit 2 attached.* A copy of the initial letter was sent with the second request for clarification, along with identification, in the form of legible copies of plaintiffs Social Security card, Maryland State Drivers license, as well as other documentation that contains plaintiffs mailing address, as requested for identification by Equifax and Experian.

27. At no time did plaintiff make any request for a credit report or credit file from the Defendants but instead it was very specific and requesting a **full consumer file disclosure** pursuant to 15 USC § 1681g(a)(1) as outlined in the initial request. *See Exhibit 1 & 2 attached.*

28. In response to Plaintiff's second request for a **full consumer file disclosure** to Experian he received a credit report almost identical to the first credit report that sent in response to plaintiff first **full consumer file disclosure,** credit report # 3666-0589-13 dated Aug 01,2023, *see Exhibit 6 attached,* which was not responsive to his request as required by 15 USC § 1681g(a)(1). Experian failed or refused to respond to the second request which had ample legible proof of identity and legible proof of address attached. Furthermore,

RECEIVED

OCT 0 5 2023

DISTRICT COURT 06-01
ROCKVILLE, MD

Plaintiff stated in his second request "Your response was not correct in that you did not

provide the **Full Consumer File Disclosure** as requested". Yet Defendant still decided to

send an updated "credit report" which was not responsive to Plaintiffs request.

29. In response to Plaintiff's second request for a **full consumer file disclosure** to

Transunion he received a document dated July 21, 2023. stating "After reviewing your

correspondence, we are unable to process your request because were unable to

determined the nature of your request or your request was illegible. To investigate

information contained in your credit report, please type or print the account name and

number, and specify why you are disputing it." *see Exhibit 7 attached.* On the same date

Plaintiff received documentation from TransUnion LLC stating "Enclosed is the

TransUnion Personal Credit Report that you requested. Enclosed is the TransUnion

Personal Credit Report that you requested. As a trusted leader in the consumer

information industry, TransUnion takes the accuracy of your credit information very

seriously. We are committed to providing the complete and reliable credit information

that you need to participate in everyday transactions and purchases". *see Exhibit 7*

*attached.* The response and credit report received dated July 21, 2023, was identical to

the credit report plaintiff received from Defendant Transunion dated July 03, 2023, which

was the same response to Plaintiff initial **full consumer file disclosure** which, which was

not responsive to his request as required by 15 USC § 1681g(a)(1).

30. In response to Plaintiff's second request for a **full consumer file disclosure** to Equifax he

received dated July 28, 2023, was a response identical to the first response receive from

Defendant. *See Exhibit 8 attached.* Defendants' response was not responsive to his

request as required by 15 USC § 1681g(a)(1). Plaintiff requested a **full consumer file**

RECEIVED

OCT 0 5 2023

DISTRICT COURT 06-01
ROCKVILLE, MD

**disclosure** to include ALL information in his file at Equifax as of the date the letter was
received to include any archived or obsolete information as permitted by the FCRA. This
would include ANY information in Defendants possession which would pertain not only
to Plaintiffs credit worthiness, credit standing and credit capacity but also general
reputation, personal characteristics, or mode of living. [15 U.S.C. § 1681a].

31. All documents provided to Defendants in relation to identity and location information
were in clearly legible form and in compliance with 15 U.S.C. § 1681h.

32. None of the Defendants in this case ever responded to Plaintiffs letters by stating that
ANY of the proofs of identity and address mailed to them were illegible or otherwise
unreadable.

33. In each case with each Defendant there was only communication in the form of letters
requesting Plaintiffs **full consumer file disclosure** and responses(s) by each Defendant
with no other party involved in the communications between the parties other than the
United States Postal Services (USPS) which transported documents between them.

34. Plaintiff was well aware of the hack of the Equifax database, as well as Experian database
and had reason to believe more information than he had ever received in a conventional
credit report in the past had been stolen just from the widespread publicity surrounding
the hack and his study of the consumer protection including the FCRA. Plaintiff has been
studying the FCRA prior to the hacks and already realized there was a substantial
information that companies like Equifax, Experian and Trans Union had in their files
about the consumers than had been included in any conventional credit report he had
received previously. Plaintiff had no direct knowledge of specific information regarding
himself that might be in Defendant file(s). That information , if it existed, could only be

RECEIVED

OCT 0 5 2023

DISTRICT COURT 06-01
ROCKVILLE, MD

obtained through requesting a **full consumer file disclosure** pursuant to 15 U.S.C. § 1681g(a)(1) rather than asking for a conventional credit report as he had in the past either through annualcreditreport.com or directly from the Defendants.

35. Plaintiff did NOT request a credit report, credit disclosure, or anything else using words "credit" or "report" in any manner from any Defendant at any time related to this lawsuit but instead made a request for his **full consumer file disclosure** and nothing else.

36. Upon information and belief there is substantial information relating to the Plaintiff that is contained in all Defendants' files that has not been disclosed to him including, but not limited to, information that was previously shown in his credit reports and additional information that is provided to prospective creditors, and insurers or employers who request information on Plaintiff that Plaintiff has never seen or is aware of.

37. Upon information and belief, the information that is not disclose to plaintiffs contains negative codes or erroneous account information, among other things that are provided to a prospective creditors, insurers or employers which directly affect how that perspective, creditor, insurer, or employer would view the Plaintiffs in terms of granting credit, rating, insurance policies, providing employment or even providing housing.

38. This undisclosed information has never been provided to plaintiff even when it was requested so he could examine it for accuracy and dispute it if necessary. It could be blatantly, false, or at least misleading, and without disclosure by the Defendants, Plaintiff would not have the opportunity to dispute the accuracy or veracity of the information in Defendant files which he is legally entitled to under the FCRA. Disclosure of false or misleading information to prospective creditors, insurance, or employers, that Plaintiff knows nothing about could paint him in a false light, where he could be denied credit

RECEIVED

OCT 0 5 2023

DISTRICT COURT 06-01
ROCKVILLE, MD

housing, employment, or pay higher interest rates on credit if it was granted higher premiums for insurance harming him substantially.

39. Upon information and belief Defendants have far more information relating to Plaintiff in the files and data bases, including archive information that Plaintiff has never had access to or had opportunity to review for accuracy that is provided to others when they make a request for consumer information related to him. This information has been properly requested by Plaintiff multiple times and is required to be disclosed under 15 USC § 1681g(a)(1) when a proper request is made by a consumer. The Defendants have repeatedly **failed and or refused** to provide Plaintiff with his **full consumer file disclosure** after multiple requests. Plaintiff request was very specific in nature and could not possibly be misconstrued as request for his credit report by defendants.

40. Plaintiff never made any request of Defendant that used the word "credit" or "report" in any manner or context but made a straightforward and very clear request ONLY for a **full consumer file disclosure** [*Exhibit 1,2*] to which he is entitled under 15 U.S.C. § 1681g(a)(1) and all Defendant failed to provide Plaintiff his **full consumer file disclosure** as required by the FCRA.

41. Plaintiff clearly is not making any claim regarding information that has been provided to a third-party that he is aware of the sole issue in this lawsuit evolves around the fact that he has not had access to all information and his **full consumer file** that may have been at some time in the past, provide it to an unknown third-party, or **might** be provided at some time in the future to a third-party, and he is entitled to have access to by law to review for accuracy.

RECEIVED

OCT 0 5 2023

DISTRICT COURT 06-01
ROCKVILLE, MD

42. Plaintiff made no request for information, such as credit, scores, default dates, predictors, or other ancillary information related to how the defendants hold, and/or manage the consumer information they have in their file(s) on individual consumers. The ONLY information requested by the plaintiff was a **full consumer file disclosure**, and information **directly** related to him as a consumer that affects his credit, worthiness, credit, standing and credit capacity, but also general reputation, personal characteristics, or mode of living among other things.

43. Because Plaintiff has not had access to that undisclosed information, he has therefore had no opportunity to review it and dispute the accuracy of it if it is found to be false, yet it is provided to potential creditors, insurers and employers without his knowledge and purposely and illegally concealed from him.

44. Upon information and belief when a report is provided by the Defendants to a potential creditor, insurer, or employer that information is provided in an encrypted format with instructions to the user that the consumer is NOT to be shown that information. There is no prohibition in the law that information obtained by a user can be provided to the consumer if a request for it is made yet instructions from the Defendants are to the contrary. Why?

45. One can only surmise that there must be some nefarious reason why that information should not be provided to the consumer that is sent to the user in an encrypted format with instructions to the user to conceal it from the consumer. It obviously must contain information that the consumer has never seen, and the consumer reporting agencies don't want him or her to see for some unknown reason. This is obviously done with

RECEIVED

OCT 0 5 2023

DISTRICT COURT 06-01
ROCKVILLE, MD

the mandate of full disclosure clearly articulated in the FCRA in unambiguous plain language.

46. Plaintiff made multiples specific requests of each of the Defendants for a **full consumer file disclosure** as clear stated in 15 USC § 1681g(a)(1) and all Defendants have failed to provide his **full consumer file disclosure** to Plaintiff and are therefore in violation of the FCRA.

47. The claims made in this lawsuit are in NO manner related to the data breach that occurred with Equifax or Experian. The claims herein are entirely focus on the very simple premise that all defendants failed to provide a **full consumer file disclosure** of all information in the files to Plaintiff upon his multiple requests as requested under 15 U.S.C. § 1681g(a)(1). There is no relation of any claims made hair into any issues with the Equifax date breach or the Experian data breach.

48. The actions of all Defendants occurred within the past 2 years and are within the Statute of Limitations under the FCRA.

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 USC § 1681, WILLFUL NON-COMPLIANACE BY DEFENDANT EXPERIAN INFORMATION SOLUTIONS INC.

49. Paragraphs 1 through 48 are re-alleged as though fully set forth herein.

50. Plaintiff is a consumer within the meaning of the FCRA, 15 USC § 1681a(c).

RECEIVED

OCT 0 5 2023

DISTRICT COURT 06-01
ROCKVILLE, MD

51. Experian is a consumer reporting agency within the meaning of the FCRA, 15 USC § 1681a(f).

52. Experian repeatedly failed to comply with Plaintiffs multiple requests for a **full consumer file disclosure** pursuant to 15 USC § 1681g(a)(1).

> Wherefore, Plaintiff demands judgement for damages against Experian for statutory damages of $1000.00, any attorney fees, and all cost pursuant to 15 USC § 1681n.

## COUNT II

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 USC § 1681, WILLFUL NON-COMPLIANACE BY DEFENDANT TRANSUNION LLC

53. Paragraphs 1 through 48 are re-alleged as though fully set forth herein.

54. Plaintiff is a consumer within the meaning of the FCRA, 15 USC § 1681a(c).

55. Transunion is a consumer reporting agency within the meaning of the FCRA, 15 USC § 1681a(f).

56. Transunion repeatedly failed to comply with Plaintiffs multiple requests for a **full consumer file disclosure** pursuant to 15 USC § 1681g(a)(1).

> Wherefore, Plaintiff demands judgement for damages against Transunion for statutory damages of $1000.00, any attorney fees, and all cost pursuant to 15 USC § 1681n.

## COUNT III

RECEIVED

OCT 0 5 2023

DISTRICT COURT 06-01
ROCKVILLE, MD

## VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 USC § 1681, WILLFUL

## NON-COMPLIANACE BY DEFENDANT EQUIFAX, INC

57. Paragraphs 1 through 48 are re-alleged as though fully set forth herein.

58. Plaintiff is a consumer within the meaning of the FCRA, 15 USC § 1681a(c).

59. Equifax is a consumer reporting agency within the meaning of the FCRA, 15 USC § 1681a(f).

60. Equifax repeatedly failed to comply with Plaintiffs multiple requests for a **full consumer file disclosure** pursuant to 15 USC § 1681g(a)(1).

    Wherefore, Plaintiff demands judgement for damages against Equifax or statutory damages of $1000.00, any attorney fees, and all cost pursuant to 15 USC § 1681n.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: October 5, 2023                      Respectfully Submitted,

Von Maurice Super
940 Thayer Avenue #7035
Silver Spring, MD 20910
917-750-8788
Email: vonsuper1@gmail.com
*Pro Se Plaintiff*

RECEIVED

OCT 0 5 2023

DISTRICT COURT 06-01
ROCKVILLE, MD



CERTIFIED MAIL



7190 1805 4970 0204 5736

"RESTRICTED DELIVERY"

IF UNDELIVERABLE RETURN TO
DISTRICT COURT OF MARYLAND #6-1
191 E JEFFERSON ST
ROCKVILLE MD 20850-2630

EXPERIAN
475 ANTON BLVD
COSTA MESA CA  92626

# USPS Tracking®

FAQs ›

Tracking Number:                                                                  Remove ✕

## 71901805497002045736

Copy          Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was picked up at a postal facility at 8:28 am on November 1, 2023 in COSTA MESA, CA 92626.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

## Delivered

**Delivered, Individual Picked Up at Postal Facility**

COSTA MESA, CA 92626
November 1, 2023, 8:28 am

**See All Tracking History**

**What Do USPS Tracking Statuses Mean?** (https://faq.usps.com/s/article/Where-is-my-package)

---

**Text & Email Updates**                                                          ⌄

---

**USPS Tracking Plus®**                                                           ⌄

---

**Product Information**                                                           ⌄

---

**See Less** ⌃

Track Another Package

[ Enter tracking or barcode numbers ]