IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VON MAURICE SUPER

v.                            :  Civil Action No. DKC 23-3237

EXPERIAN INFORMATION SOLUTIONS,
INC., et al.                  :

## MEMORANDUM OPINION

Presently pending and ready for resolution in this case involving alleged violations of the Fair Credit Reporting Act ("FCRA") is a Joint Motion to Dismiss filed by Defendants Experian Information Solutions, Inc. ("Experian"), TransUnion, LLC ("TransUnion"), Equifax, Inc., and Equifax Information Services, LLC ("EIS" and, together with Equifax, Inc., "Equifax") (collectively, "Defendants"). (ECF No. 7). The issues are briefed and the court now rules, no hearing being deemed necessary. For the following reasons, Defendants' Motion to Dismiss will be granted.

## I.  Background

The following facts are alleged in the Complaint. On June 29, July 1, and July 5, 2023, Plaintiff Von Maurice Super ("Plaintiff") made written requests for a copy of his "full consumer file disclosure" to TransUnion, Equifax, and Experian, respectively. (ECF No. 2 ¶¶ 18, 20, 22). In response, Experian

and TransUnion sent Plaintiff credit reports, while Equifax sent
a letter stating that Plaintiff requested a "credit report" and
that they needed additional information to verify his address and
identity. (*Id.* ¶¶ 19, 21, 23). Finding Defendants' responses
deficient, Plaintiff made second and final requests for a "full
consumer file disclosure" from each Defendant. (*Id.* ¶ 26). In
response to Plaintiff's second request, Experian and TransUnion
again sent credit reports, while Equifax sent a letter identical
to the first letter Plaintiff received. (*Id.* ¶¶ 28-30). Both the
credit reports and the letters, as Plaintiff contends, were "not
responsive to his request." (*Id.*).

Plaintiff alleges upon information and belief that there is
substantial information relating to him contained in Defendants'
files that has not been disclosed to him, including "information
that was previously shown in his credit reports and additional
information that is provided to prospective creditors, and
insurers[,] or employers who request information on Plaintiff[,]"
"negative codes or erroneous account information . . . that are
provided to a prospective creditors, insurers[,] or employers
which directly affect how that perspective, creditor, insurer, or
employer would view the Plaintiffs in terms of granting credit,
rating, insurance policies, providing employment[,] or even
providing housing[,]" and "archive[d] information . . . that is
provided to others when they make a request for consumer

information related to him." (*Id.* ¶ 36-37, 39).  Plaintiff notes that he "is not making any claim regarding information that has been provided to a third-party." (*Id.* ¶ 41).  Rather, he alleges that "the sole issue in this lawsuit evolves around the fact that he has not had access to all information and his full consumer file that may have been at some time in the past, provide[d] to an unknown third-party, or might be provided at some time in the future[.]" (*Id.*).  Although Plaintiff "had no direct knowledge of specific information regarding himself that might be in Defendant[s'] file(s)[,]" he "surmise[s]" that "[i]t obviously must contain information that the consumer has never seen, and the consumer reporting agencies don't want him or her to see for some unknown reason." (*Id.* ¶¶ 34, 45).

On October 5, 2023, Plaintiff, who is proceeding *pro se*, filed a Complaint against Experian, TransUnion, and Equifax in the District Court of Maryland for Montgomery County, alleging violations of 15 U.S.C. § 1681g of the FCRA.  (ECF No. 2).  The Complaint alleges one cause of action against each Defendant for willful non-compliance under § 1681g(a)(1), (*id.* at 16-18), which requires that consumer reporting agencies ("CRAs") "clearly and accurately disclose" to a requesting consumer "[a]ll information in the consumer's file at the time of the request," 15 U.S.C. § 1681g(a)(1).  Plaintiff alleges that Defendants, along with their subsidiaries, affiliates, and partners, operate as CRAs subject to

3

the disclosure requirements of § 1681g(a)(1).  (ECF No. 2 ¶¶ 4, 5, 14).  He seeks statutory damages of $1,000.00, attorney's fees, and costs from each Defendant pursuant to 15 U.S.C. § 1681n.  (*Id.* ¶¶ 52, 56, 60).

On November 29, 2023, Experian removed the case to this court on the basis of federal question jurisdiction.  (ECF No. 1).  On December 6, 2023, Experian, TransUnion, and Equifax filed a Joint Motion to Dismiss Plaintiff's Complaint.  (ECF No. 7).  On December 7, 2023, Plaintiff was advised by the Clerk of the opportunity and possible necessity to respond to the Motion.  (ECF No. 8).  To date, Plaintiff has not filed an opposition.

## II.  Analysis

Defendants advance three grounds for dismissal:  (1) the Complaint fails to state a plausible claim for relief; (2) the Complaint does not allege that Defendants willfully violated the FCRA; and (3) Plaintiff lacks standing because he alleges a technical statutory violation that has caused no real-world harm. (ECF No. 7-1, at 5-15).  The third argument will be addressed first because lack of standing is a threshold jurisdictional consideration.

### A. Standing

Article III of the United States Constitution limits a federal court to adjudicating actual "cases" and "controversies."  U.S. Const., art. III, § 2.  The Supreme Court of the United States has

explained that, in order to have standing under Article III, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally-protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1991)).

Here, Defendants mount a facial challenge to Plaintiff's standing:

> "A defendant may challenge [standing at the motion-to-dismiss stage] in one of two ways: facially or factually." *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017). In a facial challenge, the defendant contends that the complaint "fails to allege facts upon which [standing] can be based," and the plaintiff "is afforded the same procedural protection" that exists on a motion to dismiss. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In a factual challenge, the defendant contends "that the jurisdictional allegations of the complaint [are] not true." *Id*. In that event, a trial court may look beyond the complaint "and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations." *Id*.

*Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017). Thus, the complaint must allege sufficient facts, accepted as true, to state a plausible claim for standing. In *Huff v.*

5

*TeleCheck Services*, the United States Court of Appeals for the Sixth Circuit explained that there are three ways in which a plaintiff alleging an FCRA § 1681g(a)(1) violation potentially could satisfy Article III's standing requirement:

> One, the statutory violation created an injury in fact as applied to him because it actually injured him when the violation led, say, to a check decline.  Two, the statutory violation did not injure him in any traditional way, but the risk of injury was so imminent that it satisfies Article III.  Three, the statutory violation did not create an injury in any traditional sense, but Congress had authority to establish the injury in view of its identification of meaningful risks of harm in this area.

*Huff v. TeleCheck Services, Inc.*, 923 F.3d 458, 463 (6th Cir. 2019).

Plaintiff fails to allege that he suffered any actual injuries as a result of Defendants' failure to disclose information under the FCRA.  For instance, he does not allege that he was denied credit or that his credit score decreased as a result of Defendants' failure to disclose the information in his file.  *See, e.g.*, *Diaz v. Chase*, 416 F.Supp.3d 1090, 1095 (D.Nev. 2019) (finding that plaintiff had sufficiently alleged an injury for Article III standing because he "allege[d] actual damages including the denial of a credit card and diminution of his credit score[]").  Nor does he allege the sorts of things the Sixth Circuit suggested might suffice, such as that he was denied a rental application, wasted time, suffered emotional distress while

looking for his information, or would have done anything with the missing information had he received it, such as adjusting his spending habits. *Huff*, 923 F.3d at 463. Nor does he allege that the information he seeks from Defendants "has been provided to a third-party that he is aware of." (ECF No. 2 ¶ 41). Rather, he alleges merely that his full consumer file "may have been" provided to a third party or "might be provided at some time in the future[.]" (*Id.*).

Plaintiff similarly fails to allege that Defendants' failure to disclose information under the FCRA created a risk of imminent injury. As the Sixth Circuit explained, "[t]he question . . . is . . . what additional risk of harm stems from [the defendant's] nondisclosure of [the plaintiff's] information." *Huff*, 923 F.3d at 463. Here, Plaintiff alleges that the information in his file could be false and could affect how prospective creditors, insurers, and employers view him, (ECF No. 2 ¶¶ 37-38), but he does not allege facts showing that Defendants' failure to provide his file created an imminent risk that false information would be disclosed to others and that such disclosure would harm him.

Finally, the Complaint fails to satisfy the third basis for Article III standing. Although "intangible injuries premised on statutory violations in some instances may satisfy Article III's injury-in-fact requirement[,] . . . Congress's authority to create Article III injuries has [] boundaries." *Huff*, 923 F.3d at

464.   "'Article III standing requires a concrete injury even in
the context of a statutory violation.'"   *Id*. at 465 (quoting
*Spokeo*, 578 U.S. at 341).   Otherwise "Congress [could] conjure
standing by declaring something harmful that is not, by saying
anything causes injury because the legislature says it causes
injury."   *Id*.   Here, it is insufficient for Plaintiff simply to
allege that the FCRA creates a duty—that a CRA must disclose "[a]ll
information in the consumer's file" upon request—and that
Defendants breached that duty by failing to disclose the
information he seeks.   15 U.S.C. § 1681g(a)(1).   As the Sixth
Circuit explained, in order to create a cognizable Article III
injury, Plaintiff must allege that he suffered "a genuine harm or
risk of harm" as a result of Defendants' breach of duty under the
FCRA.   *Huff*, 923 F.3d at 465.   Because Plaintiff failed to allege
that Defendants' alleged statutory violation has "had [any]
adverse consequences[,]" he has not established Article III
standing under the third basis.   *Id.*; *see also Spokeo*, 578 U.S. at
342 (holding that although Congress enacted the FCRA "to curb the
dissemination of false information[,]" the plaintiff could not
"satisfy the demands of Article III by alleging a bare procedural
violation[]" because such a violation "may result in no harm[]");
*Dreher v. Experian Info. Sols., Inc.*, 856 F.3d 337, 340 (4th Cir.
2017) (holding that "where an individual fails to allege a concrete
injury stemming from allegedly incomplete or incorrect information

listed on a credit report, he or she cannot satisfy the threshold requirements of constitutional standing[]").

Given that the Complaint satisfies none of the three bases for Article III standing, it must be dismissed.

**B. Failure to State a Claim**

Moreover, the Complaint fails to state a claim upon which relief can be granted. *See Joseph v. Experian Info. Sols., Inc.*, No. 18-cv-03443-RGV, 2019 WL 5458009, at *5 (N.D.Ga. July 3, 2019) ("[I]n the event [plaintiff] is found to have standing to pursue his claims, the Court will address defendants' alternative argument for dismissal based on the merits of his claims.").

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). "[T]he district court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in plaintiff's favor." *Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021). A plaintiff's complaint needs only satisfy the standard of Fed.R.Civ.P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed.R.Civ.P. 8(a)(2)).

A Rule 8(a)(2) "showing" requires "stat[ing] a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Mays*, 992 F.3d at 299-300 (quoting *Iqbal*, 556 U.S. at 663). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

*Pro se* complaints "must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers." *Alley v. Yadkin Cnty. Sheriff Dep't*, 698 F.App'x 141, 142 (4th Cir. 2017) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Despite this liberal construction requirement, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts are not required to "conjure up questions never squarely presented to them" nor "construct full blown claims from sentence fragments." *Id.*

Section 1618g(a)(1) of the FCRA requires CRAs to "upon request . . . clearly and accurately disclose to the consumer . . . [a]ll information in the consumer's file at the time of the request[.]" Section 1618(a)(1)(B) further specifies

that "nothing in this paragraph shall be construed to require a consumer reporting agency to disclose to a consumer any information concerning credit scores or any other risk scores or predictors relating to the consumer."

In *Frazier v. Experian Information Solutions*, Judge Bredar dismissed a complaint containing identical allegations to those alleged here.[1] *Frazier v. Experian Info. Sols., Inc.*, No. 1:18-cv-00067-JKB, 2018 WL 3785131, at *6 (D.Md. Aug. 9, 2018). Judge Bredar ruled that a complaint based exclusively "upon information and belief" may survive a motion to dismiss only "when accompanied by 'specific factual allegations.'" *Id*. at *4. Here, Plaintiff fails to plead specific factual allegations in support of his claim that, upon information and belief, Defendants withheld "archive[d]" information, "negative codes or erroneous account information," and "additional information that is provided to

---

[1] As Defendants point out, Plaintiff's complaint is word-for-word the same as the complaints in the following seven cases, all of which were dismissed: *Frazier v. Experian Info. Sols., Inc.*, No. 1:18-cv-00067-JKB, 2018 WL 3785131, at *4-6 (D.Md. Aug. 9, 2018); *Scott v. Experian Info. Sols., Inc.*, No. 18-cv-60178-CMA, 2018 WL 3360754, at *7 (S.D.Fla. June 29, 2018); *Gavin v. Trans Union LLC*, No. 18-cv-00523-JDA, 2018 WL 7824443, at *4 (D.S.C. Sept. 24, 2018); *Joseph v. Experian Info. Sols., Inc.*, No. 18-cv-03443-RGV, 2019 WL 5458009, at *8 (N.D.Ga. July 3, 2019); *Johnson v. Experian Info. Sols., Inc.*, No. 18-cv-114-EFB, 2019 WL 951425, at *2 (E.D.Ca. Feb. 27, 2019); *Scott v. Equifax, Inc.*, No. 20-cv-2516-HLT, 2021 WL 7209985, at *3 (D.Kan. Apr. 21, 2021); *Heyer v. Experian Info. Sols., Inc.*, No. 19-cv-15-WCG, 2019 WL 2869337, at *3 (E.D.Wis. July 3, 2019).

prospective creditors, and insurers or employers."  (ECF No. 2 ¶¶ 36-37, 39).

Plaintiff fails to "'point to what information is actually missing' from the disclosure or the 'specific facts' that he relied on to allege that [D]efendants did not meet the disclosure requirements of the FCRA." *Frazier*, 2018 WL 3785131, at *5 (quoting *Scott v. Experian Info. Sols., Inc.*, No. 18-cv-60178-CMA, 2018 WL 3360754, at *7 (S.D.Fla. June 29, 2018)).  Indeed, Plaintiff admits that he "is not making any claim regarding information that has been provided to a third-party that he is aware of."  (ECF No. 2 ¶ 41).

Plaintiff's speculative allegations are insufficient to survive a motion to dismiss.  *Frazier*, 2018 WL 3785131, at *6 (citing *Scott*, 2018 WL 3360754, at *7); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").  Plaintiff asserts that "the sole issue in this lawsuit" is that his full consumer file "may have been" provided to a third party or "might be provided at some time in the future[.]"  (ECF No. 2 ¶ 41).  According to Plaintiff, "[o]ne can only surmise that there must be some nefarious reason why that information should not be provided to the consumer" and that "[i]t obviously must contain information that the consumer has never seen, and the consumer reporting agencies don't want him or her to see for some unknown reason."

(*Id.* ¶ 45).  All the while, Plaintiff admits that he has "no direct knowledge" of the information his full consumer file might contain. (*Id.* ¶ 34).  Plaintiff's use of the words "may" and "might" and the phrase "one can only surmise" renders the Complaint incapable of surviving a motion to dismiss.  *Frazier*, 2018 WL 3785131, at *6 (citing *Scott*, 2018 WL 3360754, at *7).

Because Plaintiff lacks standing and has failed to state a claim for relief, it is unnecessary to address Defendants' second argument that the Complaint does not allege that Defendants willfully violated the FCRA.

**III. Conclusion**

For the foregoing reasons, Defendants' Joint Motion to Dismiss will be granted.  A separate order will follow.

/s/
<u>                    </u>
DEBORAH K. CHASANOW
United States District Judge
